# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT OWENSBORO

MICHAEL DEWAYNE PADGETT                                          PLAINTIFF

v.                                          CIVIL ACTION NO. 4:16CV-P20-JHM

DAVIESS COUNTY, KENTUCKY *et al.*                               DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Michael Dewayne Padgett's

*pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601

(6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the

reasons that follow, the complaint will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted prisoner currently incarcerated at the Eastern Kentucky

Correctional Complex.  He brings this action pursuant to 42 U.S.C. § 1983 against Daviess

County, Kentucky; Commonwealth's Attorney Bruce Kuegal; and Daviess Circuit Court Judge

Joe Castlen.

In the complaint, Plaintiff alleges that during his trial on September 24, 2014, on two

counts of third-degree assault, Judge Castlen "Granted a mistrial when there was <u>no</u> manifest

Nessesity[.]"  He states that a new trial was set by Order dated September 25, 2014.  Plaintiff

reports that on February 25, 2015, the first day of the new trial, he made a motion to dismiss on

double-jeopardy grounds, arguing "That The Commonwealth had refferred To Chad Payne as

Sergeant Payne 6 times in his opening statement, the door was opened and the defense had a

right To go into This matter."  According to Plaintiff, "The Court stated:  'It had not Picked up

on that, if it has it might not have Declared a mistrial.'"  Apparently the motion to dismiss was denied as Plaintiff reports that he was "Final Sentenced on 4/29/2015."

Plaintiff asserts that Judge Castlen "willingly allowed the Trial To Continue even though Double Jeaperody Prohibited a retrial when the court declared a mistrial in the Absence of a manifest Necessity[.]"  He also asserts that he is suing Daviess County "For violating my Due Process rights when they Knowingly Tried me Twice on the same charge, of the same statutory Provision and Based on the same facts as the former Prosicution."  Plaintiff also alleges a violation of "KRS 505.030."

As relief in the complaint, Plaintiff seeks "$100,000 For each year i've missed on my son's life for a Total of $200,000" and "$50,000 For all the Pain and suffering i've had to endure Since my wrongly Conviction."

## II.  <u>STANDARD OF REVIEW</u>

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. **ANALYSIS**

### *A. 42 U.S.C. § 1983*

### *1. Daviess County*

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Daviess County. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails

to state a cognizable § 1983 claim.  Therefore, the claims against Daviess County will be dismissed.

### 2.  Commonwealth's Attorney Kuegal and Judge Castlen

Plaintiff fails to indicate whether he sues these two Defendants in their individual or official capacity or in both capacities.  Regardless of which capacity he sues Defendants, the claims fail for the reasons that follow.

### a.  Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 690 n.55).  Because Defendants are employees or officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky.  *See Kentucky v. Graham*, 473 U.S. at 166.  State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983.  Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities.  *Kentucky v. Graham*, 473 U.S. at 169; *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL

27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

Accordingly, Plaintiff's official-capacity claims against Defendants Kuegal and Judge Castlen for damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

### b. *Individual-Capacity Claims*

With regard to Plaintiff's claims against Defendant Judge Castlen, judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). The law is clear that a judge acting within the scope of his official duties and within his jurisdictional authority is absolutely immune from damages liability. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997); *Watts v. Burkhart*, 978 F.2d 269 (6th Cir. 1992). This immunity confers complete protection from a civil suit. *Tulloch v. Coughlin*, 50 F.3d 114, 116 (2d Cir. 1995).

A judge is subject to liability only for non-judicial actions or for acts which were judicial in nature but were taken in the "clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. at 11-12; *Ireland v. Tunis*, 113 F.3d at 1440. Whether or not an act is judicial depends on the nature and function of the act. *Ireland v. Tunis*, 113 F.3d at 1440. Two factors are examined to

perform this analysis. *Id*. at 1441. The Court must first determine whether the act is "a function normally performed by a judge." *Id*. (quoting *Stump v. Sparkman*, 435 U.S. at 362). The Court must also look at "whether the parties dealt with the judge in his or her judicial capacity." *Ireland v. Tunis*, 113 F.3d at 1441. Moreover, a judge acts in clear absence of all jurisdiction only if the matter acted upon is clearly outside the subject matter of his court. *Ireland v. Tunis*, 113 F.3d at 1441; *King v. Love*, 766 F.2d 962, 965-66 (6th Cir. 1985); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984). Acting in error, maliciously, or in excess of his authority is not enough. *Stump v. Sparkman*, 435 U.S. at 356.

The factors used for the functional analysis indicate that the allegedly wrongful acts by Defendant Judge Castlen were judicial. His actions in declaring a mistrial, entering an order setting a new trial date, ruling on the motion to dismiss, and sentencing Plaintiff are actions normally performed by a judge, and he dealt with Plaintiff only in his judicial capacity. Further, the complaint gives no indication that Defendant Judge Castlen lacked jurisdiction in presiding over Plaintiff's criminal case. Consequently, the claims against Judge Castlen are barred by judicial immunity and must be dismissed.

Similar to the doctrine of judicial immunity, prosecutors also are entitled to "absolute immunity from civil liability related to their performance of 'prosecutorial' functions.'" *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "Functions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits." *Id*. (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Meanwhile, functions which are more 'investigative' or 'administrative' in nature, because they are more removed from the judicial process, are

subject only to qualified immunity." *Id*. (quoting *Burns v. Reed*, 500 U.S. at 486). "As the line of absolute-immunity cases make clear, . . . a prosecutor's allegedly improper motive alone is not enough to defeat absolute immunity, so long as the general nature of his actions falls within the scope of his duties as an advocate for the state." *Cady v. Arenac Cty.*, 574 F.3d 334, 341 (6th Cir. 2009).

Nothing in the complaint suggests that Defendant Kuegal was acting in any capacity other than in his role as an advocate for the state in the judicial process. Therefore, Plaintiff's claim against him is barred by prosecutorial immunity and will be dismissed.

### B. State-Law Claim

Plaintiff alleges a violation of "KRS 505.030." Under 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Having determined that the federal claims over which this Court has jurisdiction should be dismissed, this Court declines to exercise supplemental jurisdiction over the remaining state-law claim. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Consequently, the state-law claim will be dismissed without prejudice.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:

cc:     Plaintiff, *pro se*
        Defendants Kuegal and Castlen
        Daviess County Attorney
4414.005

8